**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SHADELLE FERGUSON,**

                                        **Plaintiff,**

            **vs.**                                        **1:12-CV-0183**
                                                           **(MAD)**

**MICHAEL ASTRUE, Commissioner of Social**
**Security,**

                                        **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

Peter M. Margolius                        Peter M. Margolius, Esq.
7 Howard Street
Catskill, New York 12414
_Attorney for Plaintiff_

Social Security Administration            Elizabeth Rothstein, Esq.
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
_Attorney for Defendant_

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Plaintiff Shadelle Ferguson brings the above-captioned action pursuant to 42 U.S.C. §

405(g) of the Social Security Act, seeking a review of the Commissioner of Social Security's

decision to deny her application for disability insurance benefits ("DIB").

### BACKGROUND

On February 24, 2010, plaintiff protectively filed an application for DIB. (T. 133-38).[1]
Plaintiff was 25 years old at the time of the application with past work experience as a fast food
cook/cashier, computer assistant and developmental/dietary aide.  (T. 188).  Plaintiff completed
two years of college. (T. 187).  Plaintiff alleged that she was disabled due to contusions on her
upper back and fibromyalgia. (T.186).

On May 24, 2010, plaintiff's application was denied and plaintiff requested a hearing by
an ALJ which was held on April 13, 2011. (T. 18, 81).  On May 16, 2011, the ALJ issued a
decision denying plaintiff's claim for benefits.  (T. 18-29).  The Appeals Council denied
plaintiff's request for review on November 25, 2011, making the ALJ's decision the final
determination of the Commissioner. (T. 1-6).  This action followed.

### DISCUSSION

The Social Security Act (the "Act") authorizes payment of disability insurance benefits to
individuals with "disabilities."  The Act defines "disability" as the "inability to engage in any
substantial gainful activity by reason of any medically determinable physical or mental
impairment . . . which has lasted or can be expected to last for a continuous period of not less than
12 months."  42 U.S.C. § 423(d)(1)(A).  There is a five-step analysis for evaluating disability
claims:

> "In essence, if the Commissioner determines (1) that the claimant is
> not working, (2) that he has a 'severe impairment,' (3) that the
> impairment is not one [listed in Appendix 1 of the regulations] that
> conclusively requires a determination of disability, and (4) that the
> claimant is not capable of continuing in his prior type of work, the
> Commissioner must find him disabled if (5) there is not another type
> of work the claimant can do." The claimant bears the burden of
> proof on the first four steps, while the Social Security
> Administration bears the burden on the last step.

---

[1] "(T. )" references citations to the Administrative Transcript/Record. (Dkt. No. 8).

*Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (quoting *Draegert v. Barnhart*, 311

F.3d 468, 472 (2d Cir. 2002)); *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000) (internal

citations omitted).

A Commissioner's determination that a claimant is not disabled will be set aside when the

factual findings are not supported by "substantial evidence."  42 U.S.C. § 405(g); *see also Shaw*,

221 F.3d at 131.  Substantial evidence has been interpreted to mean "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion."  *Id.*  The Court may also set

aside the Commissioner's decision when it is based upon legal error.  *Rosa v. Callahan*, 168 F.3d

72, 77 (2d Cir. 1999).

The ALJ found at step one that plaintiff engaged in substantial gainful activity in the third

and fourth quarters of 2010. (T. 20).  At step two, the ALJ concluded that plaintiff suffered from

unspecified myalgia which qualified as a "severe impairment" within the meaning of the Social

Security Regulations (the "Regulations").  (T. 20).  At the third step of the analysis, the ALJ

determined that plaintiff's impairment did not meet or equal the severity of any impairment listed

in Appendix 1 of the Regulations.  (T. 22).  The ALJ found that plaintiff had the residual

functional capacity ("RFC") to stand two hours of an eight hour workday; sit six hours of an eight

hour workday; walk two hours of an eight hour workday; can occasionally stoop; never kneel,

crouch or crawl; can occasionally lift and carry 20 pounds; frequently lift and carry 10 pounds;

cannot have concentrated exposure to dust, fumes, noxious odors or bronchial irritants.  (T. 22).

At step four, the ALJ concluded that plaintiff could not perform any of her past relevant work.

(T. 27).  Since plaintiff was precluded from performing a full range of sedentary and light work

due to additional limitations, the ALJ obtained the testimony of a vocational expert to determine

whether there were jobs plaintiff could perform.  (T. 28). Based upon the vocational expert's

testimony, the ALJ concluded at step five, that there were a significant number of jobs in the regional and national economy that plaintiff could perform, such as a referral and information aide, addresser and toy stuffer. (T. 28).  Therefore, the ALJ concluded that plaintiff was not under a disability as defined by the Social Security Act.  (T. 29).

In seeking federal judicial review of the Commissioner's decision, plaintiff briefly argues that the Appeals Council erred in not remanding this case based upon new evidence submitted. (Dkt. No. 14).[2]

Social Security Regulations require the Appeals Council to consider additional evidence if it is new, material and related to the period on or before the date of the ALJ's hearing decision. *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir.1996).  The Court must consider whether: (1) the additional evidence is new, rather than merely cumulative; (2) the evidence is material, that is, relevant to the time period for which benefits were denied, probative, and reasonably likely to have altered the administrative decision if known at the time; and (3) good cause exists for the failure to present the evidence earlier.  *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir.1988).  To be material, the evidence must create a reasonable possibility that the Commissioner's previous determination would be influenced by the information. *See Gonzalez ex rel. Gonzalez v. Barnhart*, 2004 WL 1460634, at *5 (S.D.N.Y.2004).  The Court must distinguish between new evidence that reflects on the severity of the plaintiff's impairment as it existed during the time for which benefits were denied and new evidence which represents new impairments which would not have affected the decision below. *Bosmond v. Apfel,* 1998 WL 851508, at *11–13 (S.D.N.Y.1998) (the plaintiff's additional evidence pertained to new problems including spinal stenosis and arthritis while the record before the ALJ involved the plaintiff's carpal tunnel

---

[2] Plaintiff does not present any argument in favor of remanding the ALJ's decision for any other reason.

syndrome) (citing *Hernandez v. Sullivan*, 1992 WL 315637, at *3 (S.D.N.Y.1992)). The ALJ's

decision will stand when a post-determination diagnosis does no more than indicate the more

recent onset of disability. *Id.* (holding that the new evidence did not indicate that the plaintiff was

disabled at the prior relevant periods by her more recently diagnosed problems). "A diagnosis that

post-dates an administrative hearing may be considered new evidence relating to the relevant time

period only if it reveals that a claimant 'had an impairment substantially more severe than was

previously diagnosed.' " *Florek v. Comm'r of Soc. Sec.*, 2009 WL 3486643, at *11

(N.D.N.Y.2009) (citing *Xu v. Barnhart*, 2006 WL 559263, at *7 (E.D.N.Y. 2006)).

     The Appeals Council "will then review the case if it finds that the [ALJ]'s action, findings,

or conclusion is contrary to the weight of the evidence currently of record." *Id.* (citing 20 C.F.R.

§§ 404.970(b); 416.1470(b)). " 'Weight of the evidence' is defined as the balance or

preponderance of evidence; the inclination of the greater amount of credible evidence to support

one side of the issue rather than the other." *Id.* (citing HALLEX: Hearings, Appeals and

Litigation Manual I–3–3–4 (S.S.A.2009) available at http:// www. ssa. gov/ OP_ Home/ hallex/ I–

03/ I– 3– 3– 4. html). Even if the Appeals Council denies review, evidence submitted to the

Appeals Council following the ALJ's decision becomes part of the administrative record to be

considered on judicial review. *Perez*, 77 F.3d at 45. The role of the district court is to determine if

the Appeals Council erred when it determined that the new evidence was insufficient to trigger

review of the ALJ's decision. *Woodford v. Apfel*, 93 F.Supp.2d 521, 528 (S.D.N.Y. 2000).

     In this case, after the ALJ issued the decision on May 16, 2011, plaintiff submitted

additional medical evidence from Columbia County Mental Health Center. (T. 440-458).  On

April 25, 2011, plaintiff sought treatment at the Mental Health Center complaining of "constant

fears and worries that everything she touches will make her sick".  Plaintiff appeared with her

mother, Gloria Ferguson, who "did most of the talking during the session". Plaintiff's eye contact was poor and she spent the entire time writing in her journal. Plaintiff denied experiencing any suicidal ideations or hallucinations. The intake counselor scheduled plaintiff for a further evaluation with a female counselor. The next day, plaintiff telephoned "crisis" to "talk". Plaintiff complained of difficulties sleeping and the on-call therapist provided plaintiff with distraction techniques. On May 2, 2011, plaintiff returned with her mother and presented with an improved mood. On May 11, 2011, plaintiff returned with her mother for her initial evaluation with her primary therapist, Suzanne Hamm. Plaintiff was observed to be appropriately dressed, groomed, alert and oriented. There was no evidence of psychotic thoughts. Plaintiff played and twirled with her cell phone during the consultation. The therapist noted, "due to the level of her paranoia, the undersigned did not ask her to sign documents". Plaintiff was interested in treating twice a week. The therapist saw plaintiff later that day, without her mother, and plaintiff was more animated and verbal. Plaintiff discussed conflicts with her sister and indicated that her paranoia began during her employment as an aide where she was given minimal information regarding contagious disease. Ms. Hamm noted that plaintiff would return on May 13, 2011. There are no further records indicating any follow up treatment.

On November 25, 2011, the Appeals Council issued a decision and concurred with the ALJ's finding that the claimant was not disabled. (T. 1-6). In the decision, the Appeals Council acknowledged receipt of "additional evidence listed on the enclosed Order of Appeals Council. We find that this information does not provide a basis for changing the Administrative Law Judge's decision". (T. 1-2). The additional evidence included a brief by plaintiff's counsel, Janice Cammarato, dated August 24, 2011 and Medical Records of Columbia County Mental Health dated April 25, 2011 to May 3, 2011. (T. 4).

Based upon the record, the Court finds that the Appeals Council's decision is supported by substantial evidence.  Plaintiff argues that the new evidence "sheds new light on issues surrounding the claimant's credibility".  Before determining whether the records from Columbia County Mental Health Center "lend support" to plaintiff's credibility, the Court must determine whether the evidence is new, material and related to the period on or before the date of the ALJ's decision. Thus, it is not necessary for the Court to engage in an analysis of the substance of the additional evidence unless or until the Court determines that the Appeals Council was required to consider the additional evidence.

Plaintiff did not begin treating at Columbia County Mental Health Center until April 25, 2011. Thus, the additional evidence is clearly new and not cumulative.  However, upon review of the evidence, the Court finds that the evidence fails the materiality test. The medical records document plaintiff's treatment for anxiety.  In her application for benefits, plaintiff alleged that she was disabled due to contusions on her upper back and fibromyalgia. (T.186).  Plaintiff never complained that she was disabled due to anxiety and none of her treating physicians mentioned anxiety.  Moreover, the entire medical record before the ALJ is devoid of any complaints or treatment related to any mental impairments.  Based upon the entire record, the issue of whether plaintiff suffered from a mental impairment, including anxiety, was not before the ALJ during the hearing on April 13, 2011.  *See Brown v. Comm'r of Soc. Sec.*, 709 F.Supp.2d 248, 258 -259 (S.D.N.Y. 2010) ("[t]here is no evidence or even allegation in the record that [the plaintiff] was suffering from emphysema before the date of the ALJ's decision. Neither Dr. Casper, the testing physician, nor any other medical professional has indicated that Brown had this condition during the relevant time period.")

7

While the additional evidence vaguely references plaintiff's myalgia, the therapists and psychiatrist did not offer any additional diagnosis with regard to plaintiff's back pain. Although the records indicate that plaintiff complained of "constant pain", the therapists and psychiatrist did not opine that plaintiff's back pain rendered her unable to work. The opinions and diagnoses offered by both the therapists and psychiatrist do not contradict any of the ALJ's findings. *See Eltayyeb v. Barnhart*, 2003 WL 22888801, at *10 (S.D.N.Y.2003). The new evidence did not involve the severity of plaintiff's back pain; further, it pertained exclusively to new disabilities plaintiff allegedly began to suffer after the administrative hearing. Therefore, based upon the record, the Court finds that the new evidence does not relate to the period on or before the date of the ALJ's decision and does not reveal that plaintiff's back pain and/or myalgia was substantially more severe than previously diagnosed. *See Florek*, 2009 WL 3486643, at *12. The new evidence is clearly not probative and, even if received prior to the decision of the ALJ, would not have influenced the decision.

In light of the fact that the records were not material, the Appeals Council was not obligated to provide a written explanation of what weight it accorded to the new evidence. *See Fernandez v. Apfel*, 1999 WL 1129056, at *3 (E.D.N.Y.1999) (holding that remand is not required where the Council failed to give a detailed description of cumulative evidence submitted or to explain its impact on the plaintiff's case); *see also Herod v. Astrue*, 2008 WL 3155161, at *8 (W.D.N.Y. 2008) (holding that the Appeals Council satisfied its obligation by examining the new evidence and finding that it did not provide an adequate basis for changing the ALJ's decision).

Accordingly, the Court finds that the Appeals Council did not err when it declined to remand based upon reports and records from Columbia County Mental Health Center.

**CONCLUSION**

8

For the foregoing reasons, it is hereby

**ORDERED**, that the decision denying disability benefits be **AFFIRMED**; and it is further

**ORDERED** that plaintiff's complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk of Court enter judgment in this case.

**IT IS SO ORDERED.**

Dated:  February 21, 2013
       Albany, New York

Mae A. D'Agostino
U.S. District Judge